UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHELDON PAUL MANGIAPANE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-119 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Sheldon Paul Mangiapane's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The government filed a response to the motion to vacate and the movant has filed a reply. Movant also filed an affidavit (Doc. 9) and a "Second Motion to Amend the Record" (Doc. 10), to which the government filed a response (Doc. 11), and movant filed a reply (Doc. 12). For the reasons discussed below, the Court concludes that all of the grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing.

**Background**.

On November 18, 2004, Mangiapane was indicted for the offense of knowingly and intentionally possessing with the intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(A)(viii). See United States v. Mangiapane, No. 1:04-CR-189 CAS (E.D. Mo.).

Movant made an initial appearance before a United States Magistrate Judge on December 9, 2004, and the Federal Public Defender's Office was appointed to represent him. Movant was

arraigned on December 14, 2004, at which time he entered a plea of not guilty. Assistant Federal Public Defender Jeffrey J. Rosanswank entered an appearance for movant on December 20, 2004. Movant initially challenged the government's charges and filed a motion to suppress evidence on January 14, 2004 through his appointed attorney, Mr. Rosanswank. The motion to suppress asserted that movant did not consent to a search of his vehicle and that there were no other legal grounds for a search or any exception to the Fourth Amendment's warrant requirement.

Prior to the hearing on the motion to suppress, the parties reached a plea agreement under which movant would waive his right to proceed on the motion to suppress and plead guilty, and in return the government would file a notice of enhancement pursuant to 21 U.S.C. § 851 with regard to only one of movant's prior offenses. As a result, movant would avoid a mandatory life sentence upon conviction. (See Presentence Investigation Report at ¶ 86, Doc. 37 in Case No. 1:04-CR-189 CAS).

In accordance with the agreement, movant appeared before United States Magistrate Judge David D. Noce on February 3, 2005 and withdrew his motion to suppress and waived his right to a suppression hearing. A notice of enhanced sentence was filed by the United States on March 9, 2005. (Doc. 31 in Case No. 1:04-CR-189 CAS). Movant subsequently pleaded guilty as charged before this Court on April 11, 2005 pursuant to a written Plea Agreement, Guidelines Recommendation and Stipulation ("Plea Agreement"). (Doc. 35 in Case No. 1:04-CR-189 CAS). The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered.

The PSR recommended that movant's base offense level was 32 based upon at least 50 but less than 150 grams of methamphetamine pursuant to United States Sentencing Guidelines Section 2D1.1(a)(3), and that he should receive a three level reduction for acceptance of responsibility under

2

Section 3E1.1(a) and (b), for a total offense level of 29. (PSR at ¶ 22). Movant's criminal history was determined to be a category VI, based upon a total of sixteen criminal history points. (PSR at ¶ 63). Based on the mandatory minimum term of imprisonment for the offense, the Guidelines sentence was determined to be 240 months, which was also the statutory minimum sentence. (PSR at ¶ 85).

The Plea Agreement states in part that movant was fully satisfied with the representation he received from his attorney, and that movant had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 14). The Plea Agreement also states that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Id. at 14-15).

In the Plea Agreement, movant waived his right to file an appeal with respect to non-jurisdictional issues. (Id. at 3). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On September 13, 2005, movant appeared with his attorney Mr. Rosanswank and changed his plea to guilty. The Court sentenced movant to 240 months in custody, 10 years supervised release, and a $100 special assessment. (See Judgment, Doc. 48 in Case No. 1:04-CR-189 CAS). No direct appeal was filed.

In the § 2255 motion now before the Court, movant asserts four grounds. In Ground One, movant alleges that his counsel was ineffective in "allowing unlawfully obtained evidence to be used against (him)," and that counsel "failed to provide . . . protections based on the withdrawing" of the

3

motion to suppress evidence. In Ground Two, movant asserts that his conviction was obtained as a result of evidence obtained illegally in violation of the Fourth Amendment to the United States Constitution. In Ground Three, movant asserts that he was unlawfully detained by the officers during the investigation. In Ground Four, movant asserts that the lead police officer in the underlying criminal case provided false affidavits in regard to the facts surrounding the case. In the "Second Motion to Amend the Record," movant asserts that under the Warrant Clause of the Fourth Amendment, the officers were required to obtain a search warrant prior to searching his vehicle, and that the officers did not have any evidence that movant consented to a search of his vehicle. The Court will address each ground in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds

v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a movant "must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002) (citing Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating

5

counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

### A. Ineffective Assistance of Counsel

Movant's first ground is that he received ineffective assistance of counsel in connection with the withdrawal of his motion to suppress evidence. Movant alleges:

> Counsel's failure prejudiced me by allowing unlawfully obtained evidence to be used against me. Evidence that would have been suppressed as to the manner in which officer's [sic] obtained said evidence. Counsel further failed to provide me protections based on the withdrawing of a motion to suppress, that would have caused this unlawfully obtained evidence to be suppressed.

Mot. to Vacate at 5, Ground One.

Movant states no facts to support Ground One, and merely makes a conclusory assertion that the evidence would have been suppressed if the motion to suppress had not been withdrawn. This ground is conclusively refuted and contradicted by the record.

Movant's attorney filed a motion to suppress evidence alleging that movant had not consented to a search of the vehicle and, as a result, the seizure of the drugs and movant's subsequent arrest was unconstitutional. The record reflects that movant freely and voluntarily gave up the right to proceed on the motion to suppress, as evidenced by his answers under oath before the United States Magistrate Judge at the time of the motions waiver on February 3, 2005:

> Court: "You do know that you have the right to file pretrial motions with respect to the government's case, and to possibly have a hearing on them, is that correct?"
>
> Movant: "Yes, sir."
>
> Court: "And in fact, such a motion to suppress was filed by Mr. Rosanswank on your behalf, and after discussing the matter with him, and apparently after conversations with the government, you have decided to withdraw that motion to suppress, is that correct?"
>
> Movant: "Yes, sir."
>
> Court: "And to waive your right to prosecute that motion and to have a hearing on it, is that right?"
>
> Movant: "That's correct."

Transcript of Pre-Trial Hearing of Feb. 3, 2005, at 3-4 (Ex. A to Govt.'s Response, Doc. 6-2).

Movant's motivation to withdraw his motion to suppress arose from negotiations with the government, under which the government agreed that if movant would withdraw his motion and plead guilty, the government would file a notice of enhancement pursuant to 21 U.S.C. § 851 only with respect to one of movant's prior felony drug convictions, and movant would thereby avoid a mandatory life sentence upon conviction. (See PSR at ¶ 86).

7

Movant also admitted, as a part of the prior proceedings, that the search he now complains of was in fact undertaken with his consent. The plea agreement contains the following stipulation of facts:

> The parties stipulate and agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt: On October 28, 2004 at approximately 9:00 P.M. Kennett Police Officers Midkiff and Stewart were on routine patrol west bound on the North By-Pass road around the city. A white in color 2004 Chevrolet Impala was traveling east bound in the west bound lane and forced the officers to drive off the road in order to avoid a collision.
>
> Upon stopping the vehicle, the driver and sole occupant was identified as Sheldon Paul Mangiapane the defendant herein. **Officers requested and received consent to search**, locating three plastic bags containing a total of 111.74 grams of methamphetamine (actual) inside a black duffle bag in the trunk of the car. Located in a similar bag within the passenger compartment of the vehicle was $18,360.00 United States Currency. Two (2) sets of digital scales of a type commonly used by drug dealers were also located in the vehicle."

Plea Agreement, § 4 at 10 (emphasis added).

At the plea proceedings, the prosecutor recited the factual basis for the plea, including that: "The officers would testify that they requested and received consent to search." Plea Transcript at 5. (Ex. C to Govt.'s Response, Doc. 6-4). The Court then asked movant about the factual basis which the prosecutor had read:

The Court: "Okay. Is that what happened, Mr. Mangiapane?"

Movant: "Yes, sir."

Plea Transcript at 6.

In preparing the Presentence Investigation Report for the Court's use in sentencing movant, the Probation Officer listed as a part of the Offense Conduct Section that: "Officers received the

8

consent of the defendant to search the vehicle." (PSR at ¶ 7). Although movant never filed an objection or acceptance to the PSR, the Court inquired at the time of the sentencing hearing:

> The Court: "Now, have you read the Presentence Investigation Report?"
>
> Defense Counsel: "Yes, your Honor."
>
> The Court: "And we have these letters here also. Do you have any objection or disagreement with the report?"
>
> Defense Counsel: "No, your Honor."
>
> The Court: "How about yourself, Mr. Mangiapane?"
>
> Movant: "No, sir."

Sentencing Transcript at 7 (Ex. D to Govt.'s Response, Doc. 6-5).

It is clear from the foregoing that movant's Ground One, that his attorney was ineffective in withdrawing the motion to suppress, is contradicted by the record and lacks a factual basis. The record shows that movant voluntarily chose to withdraw his motion to suppress in order to avoid a life sentence upon conviction. Under these circumstances, movant has not met the burden to establish that his attorney's advice "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Further, because movant admitted that he did in fact consent to a search of the vehicle, he cannot establish that he was prejudiced by his attorney's advice to withdraw the motion to suppress.

Under Strickland, a defendant must prove both constitutionally defective assistance of counsel and prejudice. Patterson v. United States, 133 F.3d 645, 647 (8th Cir. 1998). Movant's allegations in Ground One fail to establish either prong of the test. This ground should therefore be dismissed.

**B. Grounds Two, Three and Four**

In Grounds Two, Three and Four, movant asserts that his conviction was obtained as a result of a Fourth Amendment violation, that he was unlawfully detained by the police officers, and that one of the police officers provided false affidavits. In the "Second Motion to Amend the Record," movant asserts that the Warrant Clause of the Fourth Amendment was violated. The government responds that these grounds are waived by virtue of the Plea Agreement.

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

A defendant may affirmatively waive particular constitutional rights. See Boykin v. Alabama, 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); Faretta v. California, 422 U.S. 806, 836 (1975) (right to counsel). There is no constitutional right to appeal, as the right to appeal is purely a creature of statute. Abney v. United States, 431 U.S. 651, 656 (1977). Because defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute, such as the right to appeal. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992), overruled in part by United States v. Andis, 333 F.3d 886, 892 n.6 (8th Cir. 2003) (en banc).

Agreements by criminal defendants to waive appellate rights and the right to pursue post-conviction relief have been upheld by the Eighth Circuit. See United States v. Morrison, 171

F.3d 567, 568 (8th Cir. 1999); United States v. Michelsen, 141 F.3d 867, 873 (8th Cir.), cert. denied, 525 U.S. 942 (1998); United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996); Rutan, 956 F.2d at 829. In DeRoo v. United States, the Eighth Circuit stated, "As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." DeRoo, 223 F.3d 919, 923 (8th Cir. 2000). "The 'chief virtues' of a plea agreement are speed, economy, and finality," id. at 923, which are "promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." Id. "Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." Id.

Such waivers are not absolute, however. Defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. DeRoo, 223 F.3d at 923. In addition, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." Id. (citing Morrison, 171 F.3d at 568). "A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" Id. (quoting Hill v. Lockhart, 474 U.S. at 56).

In the underlying criminal case, movant waived his rights to appeal non-jurisdictional issues and to habeas corpus relief on all issues not related to prosecutorial misconduct or the ineffective assistance of counsel. There is no allegation that movant's decision to enter into the Plea Agreement was not knowing and voluntary. Grounds Two, Three and Four and the Second Motion to Amend the Record do not allege claims involving any of the specified exceptions to the waiver agreed to in the Plea Agreement.

11

The Court finds that movant validly waived the right to proceed with a collateral attack on his conviction on the grounds set forth in Grounds Two, Three and Four and the Second Motion to Amend the Record. These grounds should therefore be dismissed.

**Certificate of Appealability**.

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the Anti-Terrorism and Effect Death Penalty Act's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant Sheldon Paul Mangiapane is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Sheldon Paul Mangiapane's motion under 28 U.S.C. § 2255, as amended, is **DENIED**. [Doc. 1, 9, 10]

**IT IS FURTHER ORDERED** that Sheldon Paul Mangiapane has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of June, 2008.